UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALONZO JAMICHAEL SEVERSON,<br><br>                 Plaintiff,<br>     v.<br><br>DISNEY, et al.,<br><br>                 Defendants. | CASE NO. 2:25-cv-01034-LK<br><br>ORDER DISMISSING COMPLAINT |

On May 30, 2025, pro se Plaintiff Alonzo Jamichael Severson filed a complaint alleging that Defendants Disney, Universal Music Group, Major League Baseball, and Vivendi were involved in the "[t]heft of [i]ntellectual [p]roperty" "to gain money and success[.]" Dkt. No. 5 at 4. He alleges that "the events giving rise to" his claims occurred in "King County Jail" from "2016–2017," and that they resulted in otherwise unspecified "Loss of Life, Loss of Life's Work." *Id.*

On June 5, 2025, United States Magistrate Judge Brian A. Tsuchida granted Mr. Severson's IFP application, but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summonses. Dkt. No. 4 at 1.

ORDER DISMISSING COMPLAINT - 1

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) the parties have diverse citizenship (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Here, Mr. Severson seeks $10 trillion in damages from each Defendant for alleged copyright infringement, patent infringement, and trademark infringement. Dkt. No. 5 at 5. Despite liberally construing his complaint, the Court cannot determine (1) what it is that Defendants allegedly infringed, *see* Dkt. No. 5 at 4; (2) whether Mr. Severson has intellectual property rights, or any other legal right, in the allegedly infringed intellectual property; or (3) the means by which such property was allegedly stolen from him at King County Jail in 2016 or 2017, *see id.* In other words, Mr. Severson has failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a).

For the foregoing reasons, the Court DISMISSES Mr. Severson's complaint with leave to amend. If he chooses to amend, Mr. Severson must provide the factual basis for his claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a

complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts Mr. Severson believes support the claim, and the specific relief requested. If Mr. Severson does not file a proper amended complaint within 21 days of the date of this Order, the Court will dismiss this action and close the case.

Dated this 21st day of August, 2025.

Lauren King
United States District Judge